UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

DAX CAMARA JACKSON,

                                    Plaintiff,

    -v-

THE CITY OF NEW YORK; New York City Police
Department ("NYPD") Officer ("P.O.") AMADEO
OKTROVA (Shield No. 26126), Detective PAUL
URQUIAGA, Sergeant ROBERT BARNETT,
in their individual capacities,

                                    Defendants.

-------------------------------------------------------------------x

**AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 15-CV-5951 (KPF)

    Plaintiff Dax Camara Jackson, by his attorneys Gillian Cassell-Stiga of Rankin & Taylor, PLLC, and Michael L. Spiegel for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with a pendant claim for false arrest under the laws of the State of New York.

2. Plaintiff Dax Camara Jackson's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally detained and arrested plaintiff despite the absence of probable cause. By reason of defendants' actions, including the unreasonable and unlawful seizure of his person, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

7. Consistent with the requirements of New York General Municipal Law § 50-e, Mr. Jackson filed a timely Notice of Claim with the New York City Comptroller on or about October 16, 2015 within 90 days of the accrual of his claims under New York law. Thus, this Court has supplemental jurisdiction over Mr. Jackson's claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

8. Mr. Jackson's claims have not been adjusted by the New York City Comptroller's Office.

## PARTIES

9. Plaintiff Dax Camara Jackson is, and was at all times relevant to this action, a resident of the County of the Bronx in the State of New York.

10. Defendant The City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. NYPD Officer ("P.O.") Amadeo Oktrova (Shield No. 26126) ("Oktrova"), Detective ("Det.") Paul Urquiaga ("Urquiaga"), and Sergeant ("Sgt.") Robert Barnett ("Barnett") (collectively the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. The individual defendants are being sued herein in their individual and official capacities.

13. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

14. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

15. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

16. Mr. Jackson was unlawfully arrested by P.O. Oktrova, Det. Urquiaga, and Sgt. Barnett on July 27, 2014, shortly before midnight at 161st Street and Union Avenue in Bronx County in the State of New York.

17. Mr. Jackson purchased food from a restaurant near his home, and was returning with friends when the individual defendants pulled up to the curb in a police vehicle.

18. One of the officers flagged the group's attention from the open window and stated, in sum and substance, he was new to the neighborhood and want to talk.

19. Mr. Jackson politely informed the officer that he was on his way home and did not want to talk. The group continued walking.

20. The police vehicle reversed down the block ahead of the group and parked.

21. The individual defendants exited their vehicle and approached the group.

22. The officers asked Mr. Jackson for identification.

23. Mr. Jackson asked the officers whether he was being accused of a crime or was part of an investigation. And officer answered in the negative.

24. Mr. Jackson refused to give the officers identification and asked the officers why it was needed.

25. Increasingly frightened by the unreasonable and harassing requests, Mr. Jackson dialed 9-1-1. Mr. Jackson informed the operator that he had been approached by police officers without cause and felt unsafe. Mr. Jackson requested additional officers be sent to the scene.

26. One of the officers, upon information and belief Sgt. Barnett, grabbed the phone from Mr. Jackson's hand.

27. Mr. Jackson was placed in the police vehicle.

28. Mr. Jackson was taken to the precinct and eventually charged with Obstructing Government Administration in the Second Degree (P.L. § 195.05), Disorderly Conduct: Creation of an Unreasonable Noise (P.L. § 240.20(2)), and Disorderly Conduct: Failure to Disperse (P.L. § 240.20(6)).

29. These charges were based upon the false statements of P.O. Oktrova.

30. Det. Urquiaga and Sgt. Barnett failed to intervene in the unlawful arrest of Mr. Jackson.

31. Mr. Jackson was held for twenty-four hours and forced to appear in court on approximately six occasions before the charges were dismissed on April 29, 2015.

### FIRST CLAIM
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
*(Against the individual defendants)*

32. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. By their conduct and actions in falsely arresting plaintiff, fabricating evidence, and by failing to intercede to prevent the complained of conduct, defendants P.O. Oktrova, Det. Urquiaga, and Sgt. Barnett, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

34. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS
*(Against the City of New York)*

35. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. At all times material to this complaint, defendant The City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

37. At all times material to this complaint, defendant The City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including defendants P.O. Oktrova, Det. Urquiaga, and Sgt. Barnett and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline defendants P.O. Oktrova, Det. Urquiaga, and Sgt. Barnett.

38. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

39. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST AND FALSE IMPRISONMENT
### UNDER THE LAWS OF THE STATE OF NEW YORK
(Against all Defendants)

40. State Law Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41. By the actions described above, the individual defendants caused to be falsely arrested or falsely arrested State Law Plaintiffs, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.

42. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to State Law Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

44. As a result of the foregoing, State Law Plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

[this portion intentionally left blank]

## JURY DEMAND

45. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

- a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

- b. That he be awarded punitive damages against the individual defendants; and

- c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

- d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
December 22, 2015

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
Rankin & Taylor, PLLC
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507

By: _____/s/_____
Michael L. Spiegel
11 Park Place, Suite 914
New York, New York 10007
t: 212-587-8558

*Attorneys for the Plaintiff*